UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **GRAPHICS PROPERTIES HOLDINGS, INC.** § | | |
|     *Plaintiff,* § | | |
| § | | |
| v. § | Civil Action No.: 1:10-cv-08655-WHP | |
| § | | |
| **NINTENDO CO., LTD., NINTENDO OF** § | Jury Trial Demanded | |
| **AMERICA INC., SONY CORPORATION,** § | | |
| **SONY CORPORATION OF AMERICA,** § | | |
| **ACER INC., ACER AMERICA CORP.,** § | | |
| **APPLE INC., TOSHIBA CORPORATION,** § | | |
| **AND TOSHIBA AMERICA, INC.** § | | |
|     *Defendants,* § | | |

### DEFENDANT APPLE INC.'S ANSWER AND COUNTERCLAIMS
### TO PLAINTIFF'S COMPLAINT

Defendant and counterclaimant Apple Inc. ("Apple") hereby submits its Answer, including affirmative defenses, and counterclaims to the Complaint For Patent Infringement ("Complaint") of plaintiff Graphics Properties Holdings, Inc. ("plaintiff") as follows:

### ANSWER

### Parties

1. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 1 of the Complaint and therefore denies those allegations.

2. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 2 of the Complaint and therefore denies those allegations.

3. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 3 of the Complaint and therefore denies those allegations.

4. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 4 of the Complaint and therefore denies those allegations.

5. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 5 of the Complaint and therefore denies those allegations.

6. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 6 of the Complaint and therefore denies those allegations.

7. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 7 of the Complaint and therefore denies those allegations.

8. Apple admits that it is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

9. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 9 of the Complaint and therefore denies those allegations.

10. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 of the Complaint and therefore denies those allegations.

### Jurisdiction and Venue

11. Apple admits that the Complaint purports to bring this action under the patent laws of the United States and that this Court has subject matter jurisdiction over causes of action related to the patent laws of the United States, Title 35 of the United States Code.  Apple, however, denies the merits of the claims asserted against it.

12. Apple will not contest personal jurisdiction regarding the Complaint of November 16, 2010.  Apple denies the remaining allegations in paragraph 12 as to Apple.  Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12 with respect to any of the other defendants and therefore denies those allegations.

13. Apple admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 (b), but reserves the right to transfer to a more convenient venue, and denies having committed any wrongful acts upon which venue is allegedly based.  Apple lacks

knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 13 with respect to any of the other defendants and therefore denies those allegations.

### Plaintiff's Patents-In-Suit

14. Apple admits that U.S. Patent No. 6,650,327 (the "'327 patent"), entitled "Display System Having Floating Point Rasterization and Floating Point Framebuffering," states on its face that it was issued on November 18, 2003. Apple lacks knowledge or information sufficient to form a belief regarding the truth of plaintiff's assertions concerning ownership of the patent in paragraph 14 of the Complaint and therefore denies those allegations. Apple denies the remainder plaintiff's allegations in paragraph 14 of the Complaint.

15. Apple admits that a copy of the '327 patent is attached as Exhibit A to the Complaint.

16. Apple admits that U.S. Patent No. 7,518,615 (the "'615 patent"), entitled "Display System Having Floating Point Rasterization and Floating Point Framebuffering," states on its face that it was issued on April 14, 2009. Apple lacks knowledge or information sufficient to form a belief regarding the truth of plaintiff's assertions concerning ownership of the patent in paragraph 16 of the Complaint and therefore denies those allegations. Apple denies the remainder plaintiff's allegations in paragraph 16 of the Complaint.

17. Apple admits that a copy of the '615 patent is attached as Exhibit B to the Complaint.

### Count I

### (Infringement of U.S. Patent No. 6,650,327)

18. With respect to the allegations contained in paragraph 18, Apple repeats and incorporates its responses to paragraphs 1 through 17 as if fully set forth herein.

19. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 19 and therefore denies those allegations.

20. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 20 and therefore denies those allegations.

21. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 21 and therefore denies those allegations.

22. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 22 and therefore denies those allegations.

23. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 23 and therefore denies those allegations.

24. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 24 and therefore denies those allegations.

25. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 25 and therefore denies those allegations.

26. Apple admits that it is marketing, distributing, using, selling, and/or offering to sell its iMac and Mac Pro computers, but otherwise denies the allegations in paragraph 26.

27. Apple denies the allegations in paragraph 27.

28. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 28 and therefore denies those allegations.

29. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 29 and therefore denies those allegations.

## Count II

### (Infringement of U.S. Patent No. 7,518,615)

30. With respect to the allegations contained in paragraph 30, Apple repeats and incorporates its responses to paragraphs 1 through 29 as if fully set forth herein.

31. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 31 and therefore denies those allegations.

32. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 32 and therefore denies those allegations.

33. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 33 and therefore denies those allegations.

34. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 34 and therefore denies those allegations.

35. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 35 and therefore denies those allegations.

36. Apple admits that it is marketing, distributing, using, selling, and/or offering to sell its iMac and Mac Pro computers, but otherwise denies the allegations in paragraph 36.

37. Apple denies the allegations in paragraph 37.

38. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 38 and therefore denies those allegations.

39. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 39 and therefore denies those allegations.

### Willful Infringement

Apple denies the allegations as to it regarding willful infringement. Apple lacks knowledge or information sufficient to form a belief regarding the truth of the allegations

regarding the allegations of willful infringe directed at the other defendants and therefore denies those allegations.

## Plaintiff's Prayer For Relief

Apple denies that plaintiff is entitled to any relief whatsoever, let alone the relief requested by plaintiff in its Complaint, and therefore denies all allegations and relief requested in plaintiff's Prayer For Relief.

## AFFIRMATIVE DEFENSES

For its Affirmative Defenses to the Complaint, Apple asserts the following affirmative defenses and reserves its right to assert additional affirmative defenses if it discovers such defenses during the course of litigation:

### First Affirmative Defense

1. Plaintiff fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. Apple is not infringing and has not infringed directly or indirectly any claim of the '327 patent, either literally or under the doctrine of equivalents.

3. Apple is not infringing and has not infringed directly or indirectly any claim of the '615 patent, either literally or under the doctrine of equivalents.

### Third Affirmative Defense

4. Plaintiff's asserted patent, the '327 patent is invalid, unenforceable, and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C. §§ 101, 102, 103, 112, and 256.

5. Plaintiff's asserted patent, the '615 patent is invalid, unenforceable, and/or void for failure to satisfy the requirements of patentability contained in 35 U.S.C. §§ 101, 102, 103, 112, and 256.

**Fourth Affirmative Defense**

6. Plaintiff is barred in whole or in part from asserting the '327 patent against Apple by the equitable doctrines of laches and estoppel.

7. Plaintiff is barred in whole or in part from asserting the '615 patent against Apple by the equitable doctrines of laches and estoppel.

**Fifth Affirmative Defense**

8. Plaintiff lacks standing to bring the claims asserted in the Complaint.

**Sixth Affirmative Defense**

9. To the extent plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the '327 patent to Apple, the relief sought by plaintiff is barred by 35 U.S.C. § 287.

10. To the extent plaintiff seeks damages for alleged infringement prior to its giving actual or constructive notice of the '615 patent to Apple, the relief sought by plaintiff is barred by 35 U.S.C. § 287.

**Seventh Affirmative Defense**

11. Plaintiff's claims are precluded in whole or part based on licenses, express or implied, to one or more of the patents-in-suit or under the doctrine of patent exhaustion.

**Eighth Affirmative Defense**

12. Plaintiff is barred by issue preclusion from re-asserting or altering its positions on factual and legal issues that were previously adjudicated, including but not limited to factual and legal issues previously adjudicated in connection with <u>Silicon Graphics, Inc. v. ATI Technologies, Inc. et al</u> (United States District Court for the Western District of Wisconsin, Case No. 06-CV-0611; United States Court of Appeals for the Federal Circuit, Appeal Nos. 2008-1334 and -1353).

### Ninth Affirmative Defense

13.     Plaintiff is not entitled to injunctive relief because any injury to plaintiff is not immediate or irreparable, and plaintiff would have an adequate remedy at law.

### Tenth Affirmative Defense

14.     The '327 patent is unenforceable against Apple under the doctrine of unclean hands.

15.     The '615 patent is unenforceable against Apple under the doctrine of unclean hands.

### Eleventh Affirmative Defense

16.     Plaintiff is barred or limited from recovery in whole or in part based on the prohibition against double recovery.

### Twelfth Affirmative Defense

17.     Plaintiff's claims against Apple are barred, in whole or in part, by the rule against claim splitting.

### COUNTERCLAIMS

For its counterclaims against plaintiff, Apple alleges the following:

### Parties

1.     Apple Inc. ("Apple") is a corporation organized under the laws of California, having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2.     Upon information and belief, plaintiff Graphics Property Holdings, Inc. ("plaintiff") is a corporation organized under the laws of Delaware, having its principal place of business at 56 Harrison Street, Suite 305C, New Rochelle, New York, 10801, as alleged in Plaintiff's Complaint.

**Jurisdiction and Venue**

3. This Court has subject matter jurisdiction over Apple's counterclaims for noninfringement pursuant to 28 U.S.C. §§ 1331, 1338, and 2201.

4. This Court has personal jurisdiction over these counterclaims both because plaintiff initiated the already-pending action and because plaintiff's principal place of business is located in New Rochelle, New York.

5. Venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**First Counterclaim**

**Declaratory Judgment of Noninfringement of U.S. Patent No. 6,650,327**

6. Apple restates and incorporates the allegations contained in paragraphs 1-5 of this counterclaim.

7. An actual case or controversy exists between Apple and plaintiff concerning infringement of U.S. Patent No. 6,650,327 (the "'327 patent").

8. Apple is not infringing, and has not infringed either directly or indirectly, any claim of the '327 patent.

**Second Counterclaim**

**Declaratory Judgment of Noninfringement of U.S. Patent No. 7,518,615**

9. Apple restates and incorporates the allegations contained in paragraphs 1-5 of this counterclaim.

10. An actual case or controversy exists between Apple and plaintiff concerning infringement of U.S. Patent No. 7,518,615 (the "'615 patent").

11. Apple is not infringing, and has not infringed, either directly or indirectly, any claim of the '615 patent.

### Third Counterclaim

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,650,327

12. Apple restates and incorporates the allegations contained in paragraphs 1-5 of this counterclaim.

13. An actual case or controversy exists between Apple and plaintiff as to whether the claims of the '327 patent are invalid.

14. The claims of the '327 patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including Sections 1010, 102, 103, and 112.

### Fourth Counterclaim

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,518,615

15. Apple restates and incorporates the allegations contained in paragraphs 1-5 of this counterclaim.

16. An actual case or controversy exists between Apple and plaintiff as to whether the claims of the '615 patent are invalid.

17. The claims of the '615 patent are invalid for failure to meet one or more of the conditions of patentability of inventions set forth in Title 35 of the United States Code, including Sections 1010, 102, 103, and 112.

### Demand For Jury Trial

Apple hereby demands a trial by jury on all issues so triable.

### Apple's Prayer For Relief

Wherefore, Apple respectfully request that this Court enter judgment in its favor that:

(a) Apple is not infringing and has not infringed the '327 patent;

(b) Apple is not infringing and has not infringed the '615 patent;

(c) plaintiff's claims are dismissed in their entirety with prejudice;

(d) plaintiff shall take nothing by way of its Complaint;

(e) this is an exceptional case and awarding Apple its reasonable attorney fees pursuant to 35 U.S.C. § 285 and any other applicable statutes, rules or laws;

(f) awarding Apple its costs, and such additional relief as the Court may deem just and proper under the circumstances.

Dated: February 14, 2011

Respectfully submitted,

*/s/ Richard F. Martinelli*

Joseph A. Calvaruso
Richard F. Martinelli
Stephanie L. Carpenter
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Tel.: (212) 506-5000
Fax: (212) 506-5151
jcalvaruso@orrick.com
rmartinelli@orrick.com
scarpenter@orrick.com

Attorneys for Defendant Apple Inc.